UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-CR-146 (ADM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THOMAS WILDER MOSELEY,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Thomas Wilder Moseley (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges**. Defendant agrees to plead guilty to Count 1 of the Information, which charges Defendant with possession of firearms as an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

2.     **Factual Basis.** Defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On August 15, 2020, there was a protest at the Minneapolis Police Department's 5th Precinct building. Approximately 50 people, all dressed in black, converged on the precinct, and the event became violent and destructive. Individuals who were present threw

1

rocks and other objects at the building, breaking windows. They spray painted the outside of the building, and also used paint to obscure the video surveillance cameras. Mortar-type fireworks were fired at the building and at officers stationed on the roof. In reviewing video surveillance, an MPD investigator was able to positively identify Defendant as one of the individuals who was spray painting the front windows of the precinct.

On October 14, 2020, the MPD investigator issued a "PC pickup" for Defendant based on felony damage to property at the 5th Precinct on August 15. A PC pickup is an alert that officers should arrest a person based on probable cause that they have committed a crime. The investigator also obtained a search warrant for Defendant's residence in Blaine, Minnesota, to search for evidence of the August 15 incident, including the T-Shirt that Defendant was wearing in the surveillance video.

The next day, October 15, Hennepin County Sheriff's Deputies observed Defendant within the Hennepin County Government Center, where protesters had gathered because of a court appearance for four police officers charged with killing George Floyd on May 25, 2020. The deputies were aware of the PC pickup that had been issued by Minneapolis Police, and they arrested Defendant inside the Government Center. At the time of his arrest, Defendant had a loaded Glock, model 26Gen5, 9 mm semi-automatic pistol, serial number AEST061, tucked into his waistband.

Following Defendant's arrest at the Government Center, Minneapolis Police executed the warrant at his residence. Once inside, officers immediately observed firearms, suspected illegal controlled substances, and drug paraphernalia. Officers obtained a

follow-up warrant to search and seize the drugs and firearms. Among other items, they seized:

    a.    Remington Arms model 770 rifle, serial number H70016396, with scope, side saddle (a part that stores ammunition and attaches to the firearm for easy re-loading), live ammunition and sling in a case;

    b.    Kel-Tec model P-11 9 mm semi-automatic pistol, serial number A1248, with a laser attachment, 2 loaded magazines and 1 empty magazine in a holster;

    c.    Over 1,400 rounds of live ammunition of various types including rifle rounds and handgun rounds;

    d.    Five empty gun boxes related to firearms not found in the residence as well as holsters and a gun cleaning kit;

    e.    Several bottles and vials containing suspected marijuana oil/wax and three suspected marijuana vape pens;

    f.    Approximately 96 grams of marijuana spread throughout several jars and bottles containing loose marijuana as well as marijuana cigarettes ("joints"); and

    g.    A glass smoking pipe.

That same day following Defendant's arrest, MPD officers located his vehicle, a blue 2005 Toyota Tacoma bearing Michigan license plate DWB6115, parked downtown Minneapolis near the Government Center, towed it to the police impound lot and obtained a search warrant for the vehicle. They searched the vehicle the next day. Among other things, officers recovered five guns, large amounts of ammunition and controlled substances, to include:

    a.    Backpack containing a Kel-Tec 9 mm rifle, serial number FFST65, loaded and unloaded magazines, marijuana, a ballistic panel, a Go Pro and books;

    b.    In the mid-console storage compartment, a Taurus 6-shot .38 caliber revolver, serial number ABH789790, along with several individual packages of marijuana and a container with approximately 2.5 grams of psychedelic mushrooms;

    c.    Ruger model AR-556 assault rifle, serial number 858-43316, in a black case with 5 magazines;

    d.    Savage, Springfield Arms 12-gauge shotgun, serial number 530200, with shells in a case;

    e.    Smith and Wesson model SD9VE 9 mm pistol, serial number FXJ3733, in a black bag that also contained ammunition and speed loaders;

    f.    In a storage cubby underneath the steering wheel, two empty jars, a glass pipe, and a jar containing approximately .4 grams of cocaine and marijuana joints; and

    g.    A hatchet, crowbar, gas masks, and bullhorn/megaphone.

Defendant admits that the eight (8) guns and ammunition seized from his person, his residence and his vehicle on October 15 and 16 belonged to him, and that during the time period he possessed them - to include the month of October 2020 - he was an illegal user of controlled substances including marijuana and cocaine. Throughout this time period, Defendant knew that marijuana and cocaine were controlled substances, and that his purchase and use of these drugs was illegal.

Defendant does not dispute that some or all of the firearms and ammunition he possessed were manufactured outside the state of Minnesota, and therefore traveled in interstate commerce prior to his possession of them in Minnesota in October 2020.

    3.    **<u>Waiver of Indictment</u>**. Defendant agrees to waive indictment by a grand jury and consent to the filing of a criminal information to the charge of possession of

4

firearms as an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Defendant further agrees to execute a written waiver of his right to be indicted by a grand jury on this offense.

4. **Waiver of Trial and Pretrial Motions**. Defendant understands and agrees that Defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case, and agrees to withdraw any motions currently on file. Defendant also understands that by pleading guilty he will waive all rights to a trial or appeal on the question of his guilt.

5. **Statutory Penalties.** The parties agree that Count 1 of the Information carries the following statutory penalties:

    a. a maximum term of 10 years imprisonment;

    b. a supervised release term of up to 3 years;

    c. a fine of up to $250,000; and

    d. a mandatory special assessment of $100.

6. **Revocation of Supervised Release**. Defendant understands that if Defendant were to violate any condition of supervised release, Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations**. The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement

should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    Base Offense Level. The Parties agree that, pursuant to U.S.S.G. § 2K2.1(a)(4)(B), because Defendant was a prohibited person at the time of the offense (as an unlawful user of a controlled substance), the base offense level is **14.**

    b.    Specific Offense Characteristics. The parties agree that, pursuant to U.S.S.G. § 2K2.1(b)(1)(B), **4** levels are added because 8 firearms were involved in the offense conduct.

            The parties agree that other than as provided for herein no other specific offense characteristics apply.

    c.    Acceptance of Responsibility. The government agrees to recommend that Defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Defendant understands and agrees that this recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) Defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. §3E1.1.

            The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

    d.    Criminal History Category. Based on information available at this time, the parties believe that Defendant's **criminal history category is I.** This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. If Defendant's criminal history category is

different than I, Defendant agrees it will not provide Defendant with a basis to withdraw Defendant's plea of guilty.

e. Guideline Range. If the total offense level is **15** and the criminal history category is **I**, the Sentencing Guidelines range will be **18 to 24 months' imprisonment.**

f. Fine Range. If the total offense level is **15,** the fine range is **$7,500 to $75,000.** U.S.S.G. § 5E1.2(c)(3).

g. Supervised Release. The Sentencing Guidelines recommend a term of supervised release of between one and three years. U.S.S.G. § 5D1.2(a)(2).

h. Sentencing Recommendation and Departures. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable Guidelines range.

However, in any event, the Government agrees that it will recommend a sentence of no greater than 18 months followed by 3 years of supervised release.

8. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

9. **Government's Agreement not to Charge**. In return for Defendant's guilty pleas as set forth in this Plea Agreement, the United States Attorney's Office for the District of Minnesota agrees that it will not charge Defendant with any additional crimes based on any conduct that is known to the Government as of the date of Defendant's plea hearing

10. **Understanding With Respect to State Charges**. Defendant is currently facing State of Minnesota felony charges in Hennepin County related to some of the above-described offense conduct. Based on discussions with state prosecutors, the parties believe those charges will be dismissed following Defendant's plea under the terms of this agreement. However, Defendant understands this plea agreement does not bind the State of Minnesota or any of its political subdivisions, including Hennepin County. If the State continues to pursue its charges, such action shall not be a basis for Defendant to withdraw from this agreement.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees to pay the special assessment at the time of sentencing.

12. **Forfeiture**. Defendant agrees to forfeit, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all firearms, ammunition, and associated accessories seized from his person, residence or vehicle on or about October 15 and 16, 2020, to include the following firearms and associated accessories and ammunition:

    a.    Glock, model 26Gen5, 9 mm semi-automatic pistol, serial number AEST061;

      b.      Remington Arms, model 770 rifle, serial number H70016396;

      c.      Kel-Tec, model P-11 9 mm semi-automatic pistol, serial number A1248;

      d.      Kel-Tec 9 mm rifle, serial number FFST65;

      e.      Taurus 6-shot .38 caliber revolver, serial number ABH789790;

      f.      Ruger, model AR-556 assault rifle, serial number 858-43316;

      g.      Savage, Springfield Arms 12-gauge shotgun, serial number 530200; and

      h.      Smith and Wesson, model SD9VE 9 mm pistol, serial number FXJ3733.

Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. Defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

    13.    **<u>Waivers of Appeal and Collateral Attack.</u>**  Defendant understands that by pleading guilty, he waives all rights to a trial or appeal on the question of guilt or innocence. Defendant understands that 18 U.S.C. § 3742 affords Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, unless the sentence exceeds 24 months' imprisonment. The United States also waives its right to seek appellate review of any sentence of imprisonment imposed by the District Court on any ground set forth in 18 U.S.C. § 3742. In addition, Defendant expressly waives the right to petition under 28

9

U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. Defendant has discussed these rights with Defendant's attorney. Defendant understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

14. **FOIA Requests.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974. 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause Defendant to plead guilty.

Date: 8/5/2021

W. ANDERS FOLK
Acting United States Attorney

BY: AMBER M. BRENNAN
Assistant U.S. Attorney

Date: 8/5/21

THOMAS WILDER MOSELEY
Defendant

Date: 8/5/21

JORDAN KUSHNER, ESQ.
Counsel for Defendant

10